```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NANCY AGOSTO,                    )
                                 )   Civil Action
          Plaintiff              )   No.  2004-CV-05720
                                 )
     vs.                         )
                                 )
JOANNE B. BARNHART,              )
Commissioner of Social           )
Security Administration,         )
                                 )
          Defendant              )
```

O R D E R

NOW, this 14th day of March, 2006, upon consideration of Plaintiff's Motion for Summary Judgment, which motion was filed March 7, 2005; upon consideration of defendant's Motion for Summary Judgment, which motion was filed on April 6, 2005; upon consideration of Plaintiff's Response to Defendant's Brief in Support of Her Motion for Summary Judgment, which response was filed April 25, 2005; upon consideration of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice filed August 30, 2005; upon consideration of Plaintiff's Objections to the Report and Recommendation of the United States Magistrate Judge, which objections were filed September 13, 2005; upon consideration of plaintiff's Complaint, defendant's Answer and after a thorough review of the record in this matter,

IT IS ORDERED that Magistrate Judge Rice's Report and Recommendation is approved and adopted in part and rejected in part.[1]

IT IS FURTHER ORDERED that the October 15, 2001 date of filing of plaintiff's Application for Supplemental Security Income contained in Magistrate Judge Rice's Report and Recommendation is modified to read October 15, 2002.[2]

IT IS FURTHER ORDERED that the finding that plaintiff did not seek mental health treatment until after she was denied benefits at the initial determination stage is rejected.[3]

IT IS FURTHER ORDERED that in all other respects that Magistrate Judge Rice's Report and Recommendation is approved and adopted.

---

[1] The extent of review of a Magistrate Judge's Report and Recommendation is committed to the discretion of the district court. Jozefick v. Shalala, 854 F.Supp. 342, 347 (M.D.Pa. 1994). However, the district court must review de novo those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1)(c). The court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F.Supp.2d 667, 669 (E.D.Pa. 2001).

[2] In the third paragraph on the first page of Judge Rice's August 30, 2005 Report and Recommendation, Judge Rice states: "On October 15, 2001, Agosto filed for SSI, alleging disability beginning October 1, 2001...." A review of the record reveals that on October 15, 2002 plaintiff filed her Application for Supplemental Security Income ("SSI") indicating that her disability began on October 1, 2001. See Record at page 79. Because it is clear that plaintiff filed her request for SSI benefits on October 15, 2002, not October 15, 2001, we modify that portion of Magistrate Judge Rice's Report and Recommendation to reflect the correct date.

[3] We agree with plaintiff that she sought mental health treatment prior to the initial denial of benefits on March 18, 2003. Specifically, plaintiff sought mental health treatment on October 28, 2002. However, plaintiff did not specifically allege any mental health issues in her application for benefits. Moreover, she did not seek mental health treatment until more than one year after the alleged onset of disability on October 1, 2001. Accordingly, we sustain plaintiff's objection on this factual matter.

IT IS FURTHER ORDERED that in all other respects plaintiff's objections to the Report and Recommendation are overruled.[4]

---

[4] Magistrate Judge Rice recommends that defendant's motion for summary judgment be granted, plaintiff's motion for summary judgment be denied and concludes that the April 30, 2004 decision of Administrative Law Judge ("ALJ") Christine McCafferty is supported by substantial evidence.

Plaintiff objects to the Report and Recommendation of Magistrate Judge Rice insofar as the Report and Recommendation allegedly mischaracterizes the record in this matter and contends that there is not substantial evidence in the record to support the ALJ's determination.  Specifically, plaintiff contends that both Magistrate Judge Rice and the ALJ misrepresent the records of plaintiff's treating therapist Charles Macaulay and that the ALJ improperly discounted the medical assessment of Biyi Oyefule, M.D., plaintiff's treating psychiatrist.  More specifically, plaintiff contends that the Magistrate Judge improperly credited the ALJ's determination that plaintiff was "stable" at all times.  For the following reasons we disagree with plaintiff and overrule her objections.

Initially, we note that plaintiff's objections are nothing more than a restatement of the issues contained in her motion for summary judgment.  In that regard, except as noted in footnotes 2 and 3 above, we conclude that Magistrate Judge Rice's Report and Recommendation correctly determined the factual and legal issues in this matter.

A review of the treatment notes of plaintiff's therapist indicate that throughout treatment, plaintiff's condition was stable and her symptoms were moderate.  Furthermore we agree with the analysis contained in footnote 10 of Magistrate Judge Rice's Report and Recommendation on the meaning of the word stable.  Accordingly, we overrule plaintiff's objection that the ALJ's determination and Magistrate Judge Rice's Report and Recommendation mischacterize the therapist's treatment notes.

Next, we agree that the opinion of a treating doctor is entitled to controlling weight when it is well-supported by medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial evidence in the record.  20 C.F.R. § 416.927.  In this case, after de novo review, we conclude that the ALJ makes supported conclusions and that there is other evidence in the record which supports the ALJ's determination that Dr. Oyefule's determination of disability should not be given controlling weight.  Specifically, in this regard, we adopt the through analysis and reasoning contained in pages 11 through 18 of Magistrate Judge Rice's Report and Recommendation.

Accordingly, we overrule plaintiff's objection that the ALJ and the Magistrate Judge improperly discredited the treating physician's determination regarding plaintiff's disability.

(<u>Footnote 4 continued</u>):

       IT IS FURTHER ORDERED that defendant's Motion for Summary Judgment is granted.

       IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is denied.

       IT IS FURTHER ORDERED that judgment is granted in favor of defendant and against plaintiff.

       IT IS FURTHER ORDERED that the Clerk of Court shall close this civil action for statistical purposes.

                                       BY THE COURT:


                                       /s/ JAMES KNOLL GARDNER
                                       James Knoll Gardner
                                       United States District Judge

---

(Continuation of footnote 4):

       Finally, after de novo review of the record in this matter, we conclude that there exists substantial evidence to support the ALJ's determination in this case.  We find both the ALJ's underlying determination and the Report and Recommendation to be correct factually and legally except as specifically provided above.  Moreover, we agree that the determination of disability by Dr. Oyefule was inconsistent with other specific findings and that the ALJ had a reasonable and documented basis to find plaintiff's testimony not fully credible.  Accordingly, we overrule plaintiff's objection and conclude that the ALJ's determination was fully supported by substantial evidence.